# EXHIBIT A



## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| V. | ) Case No.: CC-1992-001194.00 |
| | ) |
| BETTY GAY WOODS WILSON | ) |
| Defendant. | ) |

### ORDER ON PETITIONER'S MOTION FOR DNA TESTING

This cause came before the Court on Petitioner's Motion for Post-Conviction DNA Testing. Having considered the arguments and representations made in pleadings on behalf of the petitioner and on behalf of the State of Alabama, and after careful review of all relevant and applicable law, the Court makes the following findings:

(1) Under Ala. Code §15-18-200 (a), the results of the forensic DNA testing, on its face, would not demonstrate the petitioner's factual innocence of the offense convicted.

Even if other DNA specimens are present on the evidence requested for forensic DNA testing, this would not, on its face, exonerate James White or Petitioner of the murder of Dr. Jack Wilson.

(2) Under Ala. Code § 15-18-200 (c), Petitioner has failed to demonstrate that the evidence which the petitioner has requested be subject to forensic DNA testing and analysis is in a condition that allows forensic DNA testing and analysis to be conducted which would yield accurate and reliable results.

While Petitioner properly alleges that the evidence was not subjected to DNA testing at the time of Petitioner's trial and the evidence may still be in existence, Petitioner has failed to demonstrate to this Court that the evidence would yield accurate and reliable results if it is now subjected to DNA testing. Petitioner's statements that such evidence contains or is very likely to contain biological materials suitable for DNA testing is not sufficient proof that any such biological material would provide appropriate specimens suitable for DNA testing eighteen years after the murder of Dr. Jack Wilson.

Furthermore the provisions of Ala. Code § 15-18-200 (c) are merely permissive and not binding upon the Court.

(3) Finally, under Ala. Code § 15-18-200 (f)(2), the "court may not order the testing requested in a motion for DNA testing if....the court determines that there is no reasonable possibility that the testing will produce exculpatory evidence that would exonerate the applicant of the offense for which the applicant was convicted." This court hereby **finds** that there is no reasonable possibility that the testing will produce exculpatory evidence that would exonerate the

applicant of the offense for which the applicant was convicted.

Therefore, it is **ORDERED, ADJUDGED and DECREED** that the petitioner's Motion for Post-Conviction DNA Testing be and the same is hereby *DENIED*.

**DONE this 19th day of August, 2011.**

/s/ **DENNIS E ODELL**
**CIRCUIT JUDGE**